**Bryan FRANKS, Petitioner,**

v.

**Don R. ERICKSON, Warden of the State Penitentiary of South Dakota, Respondent.**

**Civ. 68–108S.**

United States District Court
D. South Dakota, S. D.

Oct. 31, 1968.

## ORDER

BECK, District Judge.

The petitioner, an inmate of the South Dakota State Penitentiary for more than five years last past, has applied for and under his indigent status has been permitted to file a Writ of habeas corpus under which he charges irregularities in the proceedings in the Circuit Court of Davison County, South Dakota, as he on the 18th of October 1963 under a rape charge and an earlier conviction on another felony charge used to invoke this state's Habitual Criminal Act, was sentenced to serve in that institution for a period of ten years.

The Writ is replete with statements, all under oath, that his rights in both cases, constitutional and others, were violated, with those complaints specifically being in the following form:

"The petitioner, contends the following to-wit That on prior criminal convictions he was without counsel. Both times and prior convictions had no bearing on present charge.

This petitioner, moves that the certified records from Mitchell courts, on two previous felony convictions, Boges [sic] Check in 1948 and in 1957 driv-

ing while intoxicated, will show that this petitioner was without counsel on both felony convictions.

This petitioner, asks for an evidentiary hearing before filing certirie [sic]. U.S. Supreme Court. See, Price v. Johnston, 334, U.S. 266, 293, 68 Ct. 1049, 92 L.Ed. 1356.

The petitioner contends the States Attorney from Mitchell, South Dakota used inpermissable [sic] evidence of prior convictions to obtain the Habitual Criminal charge. That amounts to 'prosecutional bad faith or intentional misconduct'.,

and '

Petitioner, asks for appointment of counsel. Attached with this motion is a request Kit from the Secratary [sic] of the South Dakota Penitentiary, stating this petitioner has in his account the amount of $4.75 valitey [sic] making petitioner a pauper."

Also in the Writ is his reference to this state's supreme court denial of relief on a like writ meeting the requirements of exhausting the state remedies and its disposition there, as the court finds, an order entered on September 11, 1968, which was as follows:

"Byron Franks, an inmate in the State Penitentiary, having filed in the office of the Clerk of this Court a petition for a Writ of Habeas Corpus; and the Court having considered the same and it appearing to this Court that said Petition is without merit and wholly fails to show that petitioner is illegally or unlawfully detained, imprisoned or restrained of his liberty and fails to show that he is entitled to the relief requested, it is hereby

Ordered that said petition be and the same is hereby denied and dismissed."

■ The files and records in the two felony cases, including the transcripts in both, are specific on the petitioner having had counsel appointed in the two at the expense of the state, and thereafter until a plea of guilty had been entered and sentence imposed in the first, with like proceedings in the second, until it too, likewise had been closed. The charges in the Writ that he didn't have counsel and that he wasn't represented, in view of that evidence, must and are hereby regarded and are held to be false.

■ Equally unreliable are his claims that he was deprived of other rights and in that connection that unpermissible evidence and what he refers to as "prosecutional bad faith or intentional misconduct", was inflicted. Here again, the answers are in the record, showing meticulous care on the part of the prosecution and the court in observing established procedural rules without variations and the defense of a character to show all of the petitioner's rights to have been protected and none of them jeopardized.

The Writ here being no more than carelessly posed representations shown to have been false and for that reason without any factual basis for assertion of violation of constitutional rights, it is held that the Writ is not in good faith, entirely without merit and that it without any formal hearing should be and is hereby denied and dismissed.